**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:

**MICHAEL ALLEN WORLEY**                    **CASE NUMBER: 18-10017**

   **Debtor**                                              **CHAPTER 11**

**OBJECTION TO PROPOSED CHAPTER 11 PLAN OF LIQUIDATION**
**FOR MICHAEL ALLEN WORLEY FILED MAY 8, 2018**
**AND DISCLOSURE STATEMENT**

**NOW INTO COURT,** through undersigned counsel, comes BancorpSouth Bank (hereafter "**BancorpSouth**"), who objects to the Disclosure Statement for Plan of Liquidation (Doc. 98 and hereafter the "**Disclosure Statement**"), and the Debtors' Chapter 11 Plan of Liquidation (Doc. 99 and hereafter the "**Plan**") filed May 8, 2018, and further shows the Court as follows:

1.

BancorpSouth is a secured creditor of Michael Allen Worley (hereafter "**Worley**" or "**Debtor**") and deemed under the Disclosure Statement and proposed Plan to be a fully secured creditor.

2.

BancorpSouth objects to the Disclosure Statement for reasons set forth below. Furthermore, BancorpSouth objects to confirmation of Debtor's Plan for the reason that the Plan is not feasible and therefore fails 11 U.S.C. § 1129 (a) and for other reasons set forth below.

**FACTS**

3.

Debtor has filed a Chapter 11 Plan of Liquidation (hereafter "**Plan**") for Michael Allen

Worley (Doc. 99) as well as a Disclosure Statement (Doc. 98).

4.

A hearing on the Disclosure Statement is currently set for June 18, 2018. The Plan was attached as an Exhibit to the Disclosure Statement and can be read to supplement the Disclosure Statement. Out of an abundance of caution, BancorpSouth sets forth its objections to the Plan as part of its objections to the Disclosure Statement.

5.

BancorpSouth is designated as a Class 3 secured claim, which claim shall be treated in accordance with Section 3.3, Class 3 of the Plan.

6.

Section 3.3, Class 3 of the Plan provides for the treatment of BancorpSouth as follows:

"3.3    **Class 3 – BancorpSouth Secured Claims.**

(a)    Class 3 consists of the BancorpSouth Bank's Secured Claim.

(b)    The BancorpSouth Secured Claim is Allowed and its Liens are deemed first priority upon the former principal residence of the Debtor located at Ligon Road in Zachary, Louisiana. On account of its Class 3 Claim, BancorpSouth shall receive all net proceeds, meaning after payment of the real estate commission to the broker or Surcharges as may be warranted under the Joint Plan, together with any net rent proceeds, if any, generated prior to the sale of the former principal residence, up to the full extent of the BancorpSouth Secured Claim. In the event the sale is insufficient to pay the Class 3 Claim in full, BancorpSouth shall hold a Class 5 Unsecured Claim for the deficiency.

(c)    Class 3 is Impaired. BancorpSouth shall be entitled to vote to accept or reject this Plan on account of the BancorpSouth Secured Claim.

(d)    Nothing in the Plan is, shall be, or be deemed, a modification of any Order, Notice, Ruling, Finding, Agreement, document, or other instrument which is dated on or after the Petition Date, and which affects Midsouth Bank, in any manner."

## THE PLAN IS NOT FEASIBLE

7.

The Debtor cannot prove its Plan is feasible as of the date of confirmation as required by

(A) 11.U.S.C. § 1129(a)(7)(A)(ii), which provides that "[t]he court shall confirm a plan only if all of the following requirements are met: … [w]ith respect to each impaired class of claims or interests, each holder of a claim or interest of such class will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of the title on such date; and (B) 11.U.S.C. § 1129 (a)(11), which provides that "[t]he court shall confirm a plan only if all of the following requirements are met: … [c]onfirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." This provision is a codification of the feasibility requirement which has been recognized by the Fifth Circuit in *The Matter of T-H New Orleans Ltd. Partnership,* 116 F.3d 790, 801 (5th Cir. 1997), which requirement must be satisfied as of the date of confirmation.

8.

The feasibility requirement as enumerated in *The Matter of T-H New Orleans Ltd. Partnership,* 116 F.3d 790, 801 (5th Cir. 1997), requires that the bankruptcy court "make a specific finding that the plan as proposed is feasible." The debtor must prove in Chapter 11 bankruptcy reorganization the feasibility of the plan by a preponderance of the evidence. *Id*. In determining feasibility, the court need not require a guarantee of success, but "reasonable assurance of commercial viability" and a "reasonable probability of success" must be established by the Debtor. *Id*.

9.

The Disclosure Statement and proposed Plan of Debtor propose a liquidation of the

Debtor's assets, including assets of any Affiliate as defined in the Disclosure Statement and Plan, through the use of a Liquidating Trust, for which Dwayne Murray shall be the named Trustee of the Liquidating Trust. The Trust is stated to have a term of five (5) years with an option to extend the term of the Trust if needed or desired for asset liquidation purposes. The Disclosure Statement and Plan propose to treat the Class 3 secured claim of BancorpSouth by attempting to sell the principal residence of Debtor during the term of the Liquidating Trust, which principal residence is the collateral for the BancorpSouth claim. The Disclosure Statement and Plan do not provide any obligation of the Debtor and/or Liquidating Trust to make payment on the BancorpSouth indebtedness, whether pre-petition arrearages or post-petition monthly debt service obligations. Further, the Disclosure Statement and Plan propose that the Trustee shall have total control over acceptance of any third offers to purchase the principal residence of Debtor for a price that would exceed the claim of BancorpSouth, without any input from BancorpSouth, and further the Disclosure Statement and Plan is silent as to how it can lawfully sell the one-half (1/2) separate property interest of Debtor's former spouse, Kathy Worley. If the Debtor was in a Chapter 7 proceeding, BancorpSouth would be allowed to prove (by proper motion) the lack of equity in the BancorpSouth collateral and proceed with its contractual and state law remedies at any time, and would not be required to wait five (5) years as the Disclosure Statement and Plan provide. For this reason, the Disclosure Statement and Plan as proposed is not feasible as Confirmation of the Plan cannot guarantee that BancorpSouth will receive under the plan a value that is not less than the amount BancorpSouth would receive if the Debtor were liquidated by a trustee in a Chapter 7 proceeding, thereby violating the requirements of 11.U.S.C. § 1129(a)(7)(A)(ii).

10.

The Disclosure Statement and Plan proposed by Debtor is silent as to treatment of the Class 3 secured claim of BancorpSouth in the event the Trustee is unsuccessful in selling the principal residence of the Debtor. There is no proposed back up plan nor does the Disclosure Statement and Plan provide for the Debtor and/or Trustee of the Liquidating Trust to begin making payments on the Class 3 secured claim of BancorpSouth. Thus, the Disclosure Statement and Plan as proposed is not feasible as the need for further financial reorganization of the Debtor will be needed to address the Class 3 secured claim of BancorpSouth, thereby violating the requirements of 11.U.S.C. § 1129(a)(11).

11.

Further, the monthly operating reports filed by Debtor since the inception of this proceeding and as of the date of this filing have not been indicative of an ability to fund the proposed Plan in the event Debtor is called upon to make payments on the Class 3 secured claim of BancorpSouth, and calls into question the feasibility of the Plan.

**GENERAL OBJECTIONS**

12.

The Disclosure Statement and Plan does not affirmatively address whether the attorney fees and costs of BancorpSouth are to be allowed and paid as part of its claim in accordance with 11.U.S.C. § 506 (b) of the Bankruptcy Code.

13.

The Trust term is currently stated as five (5) years with an option to extend the term, if needed for asset liquidation purposes. BancorpSouth cannot be expected to sit on the sidelines for a term of five (5) years while the Trustee attempts to sell the principal residence of Debtor

through the use of a realtor. This is not reasonable particularly when the Disclosure Statement and Plan do not provide any debt service payments being made to BancorpSouth on its claim. The time period by which BancorpSouth must allow the Trustee to sell the principal residence of the Debtor must to be limited to something considerably less than five (5) years. Should BancorpSouth be compelled to wait the full term of the Liquidating Trust to allow the sale of the principal residence of Debtor, then the Debtor and/or Trustee should be compelled to remit payment for all past due arrearages on the BancorpSouth claim and future monthly debt service obligations.

14.

This Disclosure Statement and Plan only offer one mechanism to treat the claim of BancorpSouth, which is the prospect of selling the principal residence as a means to pay off BancorpSouth. The Plan also proposes to allow the Trustee to sell Affiliate assets (those of W Resources, LLC and other LLC's) and derive excess proceeds that will be paid to Class 4 unsecured creditors after satisfaction of administrative expenses and priority tax claims. The Disclosure Statement and Plan propose to allow the Trustee to sell Affiliate assets generating proceeds for payment to unsecured creditors, and at no time be obligated to pay on the BancorpSouth (or any other secured creditor) indebtedness for five (5) years while the principal residence of Debtor does not sell. This is unreasonable. If there are sufficient funds derived from the sale of Affiliate assets into the Debtor's estate or into the Liquidating Trust, there must be a trigger point wherein all past due arrearages on the BancorpSouth claim are paid and future monthly debt service begins. In order to maximize excess proceeds for unsecured creditors upon a sale of the principal residence of Debtor, it will be necessary to pay the BancorpSouth monthly debt service obligation of Debtor

15.

The Disclosure Statement and Plan provide the Trustee of the Liquidating Trust has total control over acceptance of all offers made on the principal residence of Debtor which would result in the Class 3 secured claim of BancorpSouth being paid in full, which isn't reasonable. In the event the Trustee of the Liquidating Trust rejects a third party offer that would have resulted in payment in full of the BancorpSouth Claim, the Plan should provide the Debtor and/or the Trustee must pay all accrued and past due arrearages on the BancorpSouth claim, and thereafter make all monthly debt service payments going forward until the principal residence of the Debtor sells.

16.

The Disclosure Statement and Plan must provide the Trustee of the Liquidating Trust is obligated to provide copies to BancorpSouth, and its counsel, of all third party offers to purchase the principal residence of Debtor. Further, Disclosure Statement and Plan should reflect a mechanism whereby BancorpSouth has input on any third party offer that is made on the principal residence of Debtor.

17.

The Disclosure Statement and Plan are silent as to how the Trustee of the Liquidating Trust plans to address the one-half (1/2) separate property interest of Debtor's former spouse, Kathy Worley, in the principal residence of Debtor. Further, the Disclosure Statement and Plan are silent as to how the Trustee plans to compel the sale of Ms. Worley's interest which would be necessary in any third party sale of the residence contemplated by the Disclosure Statement and Plan.

18.

The Disclosure Statement and Plan does not provide the obligation of Debtor and/or the Trustee of the Liquidating Trust to (a) insure the BancorpSouth collateral against risks of fire and hazard, as required by the applicable loan documents; (b) pay all ad valorem taxes due related to the BancorpSouth collateral, as required by the applicable loan documents; and (c) maintain and preserve the principal residence of Debtor and be responsible for all maintenance expenses necessary in that regard. To expect BancorpSouth to be responsible for the expenses in (a) – (c) is unreasonable. To the extent BancorpSouth is forced to expend for these items due to the failure of the Debtor and/or Trustee to pay same, BancorpSouth should be entitled to a priority of payment from all estate assets being sold in accordance with the Plan, including any Affiliate assets sold by the Trustee.

19.

In connection with a third party offer that is made on the principal residence of Debtor that will result in a deficiency balance on the BancorpSouth claim which will become the Unsecured Claim of the BancorpSouth, the bank should have the option, if it desires, to credit bid the for the same price as the third party offer.

20.

The Surcharge, as defined in and provided for in the Disclosure Statement and Plan, is an asset of the Liquidating Trust, which asset will ultimately be paid to and benefit the unsecured creditors. This is a violation of the priority rule contained in Section 1129 (b)(2) of the bankruptcy code. The Liquidating Trust cannot take payment from proceeds that are otherwise payable to a secured creditor and take it as an asset which is ultimately payable to unsecured creditors. The unsecured creditor class is a Junior class and cannot benefit as to this Surcharge to

the detriment of BancorpSouth, which is in a secured creditor status.

21.

The Disclosure Statement and Plan fails to state BancorpSouth shall retain all liens and security interests in Debtor's assets granted to it pursuant to applicable loan documents. A provision must be inserted in the Plan as follows: "Notwithstanding anything contained herein, BancorpSouth Bank shall retain the liens securing its claims, whether the property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims".

22.

Section 6.7 of the Plan must be deleted as it applies to BancorpSouth or a specific exclusion created for BancorpSouth. BancorpSouth plans to retain its mortgage lien on the principal residence of Debtor and it is unreasonable to expect BancorpSouth to cancel its mortgage lien upon request of the Debtor and/or Trustee, particularly when the Plan does nothing more than propose the "hope" of selling the principal residence of Debtor as treatment for the Class 3 secured claim of BancorpSouth.

23.

Section 3.3 of the Plan, regarding treatment of the BancorpSouth Class 3 secured claim, should be revised and supplemented to permit BancorpSouth to exercise its non-bankruptcy remedies against its collateral, in the event the Trustee abandons the collateral.

24.

The Disclosure Statement and Plan should provide a reservation of rights in favor of BancorpSouth to petition the Court (or by proper Motion) to prove no equity exists in the

principal residence of Debtor, and upon Court approval, BancorpSouth shall be authorized to proceed with all contractual or non-bankruptcy remedies allowed under the law.

25.

Section 3.3(b) of the proposed Plan should be revised to provide that in the event a sale is insufficient to pay the Class 3 secured claim in full, BancorpSouth shall hold a "Class 4" unsecured claim for the deficiency balance. Currently as drafted, it is stated as a Class 5 claim for the deficiency.

26.

Section 3.3(d) of the proposed Plan should be revised to remove the reference to MidSouth Bank, and substitute "BancorpSouth" in its place.

27.

Section 7.1(b) of the proposed Plan should be revised to provide that all claims arising from rejection of Executory Contracts shall be treated as a "Class 4" claim. Currently as drafted, it is stated as a Class 3 claim which is the existing secured claim of BancorpSouth.

WHEREFORE, Bank prays:

1. That its objection be deemed good and sufficient and that it be filed according to law;

2. That after notice and hearing as may be appropriate herein, its objection be sustained unless cured by amendment to the Disclosure Statement and Plan in the respects set forth above;

3. That approval of the Disclosure Statement and when hearing thereon is held, and the Plan be denied unless cured by amendment thereto in the respects as set forth

above.

4. For such other and further relief to which it may be entitled in law and equity.

BY ATTORNEYS:

THE COHN LAW FIRM
LIMITED LIABILITY COMPANY
10754 Linkwood Court, Suite 1
Baton Rouge, Louisiana 70810
Telephone: (225) 769-0858
Fax: (225) 769-1016

/s/ D. Brian Cohn
BY: _____
D. BRIAN COHN, LBR #28000
DAVID M. COHN, LBR #4237
BARTLEY P. BOURGEOIS, LBR #26606