**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-10017 |
| | § | |
| MICHAEL ALLEN WORLEY, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |
| | § | |

---

### OBJECTION OF CREDITOR UNITED MISSISSIPPI BANK TO THE DEBTOR'S CLAIMED EXEMPTION OF PLEDGED LIFE INSURANCE POLICIES

United Mississippi Bank ("UMB"), a creditor in this case, by and through undersigned counsel, submits this Objection seeking disallowance of Michael Allen Worley's (the "Debtor" or, prepetition, "Worley") claimed exemptions of Northwestern Mutual Whole Life Adjustable Insurance Policy No. XX-XXX-770 (the "Adjustable Insurance Policy") and Northwestern Mutual Variable Whole Life Policy No. XX-XXX-460 (the "Variable Insurance Policy") (together, the "Policies").  In support of the Objection, UMB states as follows:

### EXECUTIVE SUMMARY

Emblematic of the Debtor's insufficient and erroneous disclosures regarding property of the estate and the interests of UMB and other creditors therein, the Debtor has incorrectly claimed as exempt the cash-surrender values of the Adjustable Insurance Policy and the Variable Insurance Policy.  The Debtor cannot claim the Policies as exempt under 11 U.S.C. § 522(b)(3) because (i) Louisiana state law does not exempt the interests in an insurance policy from judicial process if that policy has been pledged or assigned to secure a debt, and, further, does not exempt

the policy **owner**'s interests; (ii) to the extent the exemption is applicable, the Debtor waived the exemption; and/or (iii) any named beneficiaries either have no right to the cash surrender values of the Policies or UMB's interests prime any interest those beneficiaries may have.

## FACTUAL BACKGROUND

1.      On or about May 28, 1995, Worley obtained the Adjustable Insurance Policy (attached hereto as **Exhibit A**) for the total insurable amount of $500,000.00.  Worley is named as the Owner and the Insured of the Adjustable Insurance Policy, and the Estate of the Insured is listed as the Direct Beneficiary.  *See* Ex. A.

2.      On or about February 11, 1998, Worley obtained the Variable Insurance Policy (attached hereto as **Exhibit B**) with an initial total death benefit of $501,101.00.  Worley is named as the Owner and Insured of the Variable Insurance Policy and the Estate of the Insured is listed as the Direct Beneficiary.  *See* Ex. B.

3.      On or about September 29, 1999, Worley and Joyce Ann Worley, now deceased, formed a Mississippi limited liability company, Dunleith Plantation, LLC.

4.      By that certain Purchase Agreement dated October 1, 2009, between Worley and Edward A. Worley, Worley (i) became the sole member of Dunleith Plantation, LLC, as well as (ii) the sole member of 100 Main, L.L.C., a Mississippi limited liability company and (iii) the sole member of Bowie's Tavern, L.L.C. a Mississippi limited liability company.

5.      On or about October 9, 2009, and continuing through August 31, 2017, UMB extended credit to Worley in the total principal amount of $7,280,639.25.  To secure the

repayment of that debt, between October 9, 2009 and August 31, 2017, Worley (i) executed in favor of UMB a *Deed of Trust* covering immovable property located at 100-110 Main Street and 103 South Broadway Street, owned by him personally and housing commercial businesses Bowies Tavern and Bowie Outfitters, located in the city of Natchez, Mississippi; (ii) granted UMB security interests in all inventory, chattel paper, accounts, furniture, fixtures, equipment and general intangibles used in commercial businesses Bowies Tavern and Bowie Outfitters operated by Michael A. Worley; (iii) caused Dunleith Plantation, LLC to execute in favor of UMB a Deed of Trust covering the real property located at 84 Homochitto Street, Natchez, MS; (iv) granted UMB security interests in all inventory, chattel paper, accounts, furniture, fixtures, equipment and general intangibles of Dunleith Plantation, LLC; (v) **granted a security interest to UMB in both Policies, including the all cash surrender value of those Policies**;[1] and (vi) caused W Resources LLC, of which he is the sole member, to grant a Mortgage in favor of UMB covering real property owned by W Resources located at 4 Cattle Drive in Granite County, Montana, known as the Montana Ranch, and to execute a Montana Trust Indenture in favor of UMB covering real property constituting a house contiguous to the Montana Ranch.

6.      On or about October 9, 2013, UMB caused the security interest in the Policies to be properly recorded in the public records, thereby perfecting its security interest. *See* **Exhibit D**.

7.      On August 31, 2017, Worley consolidated all prior loans by UMB into one Note

---

[1]      The Commercial Security Agreement granting a security interest in the Policies and proceeds of the Policies is attached hereto as **Exhibit C**.

(the "Consolidation Note").  *See* **Exhibit E**.  All prior trust indentures, deeds of trust, and commercial security agreements previously executed by Worley and/or one or more of the entities he solely controls securing the prior loans that were consolidated in the Consolidation Note—including the security interests in the Policies—secured the repayment of the entire indebtedness evidenced by the Consolidation Note.  *See* Ex. E.

## PROCEDURAL BACKGROUND

8.      On January 08, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Louisiana (the "Petition Date").

9.      On February 15, 2018, the United States Trustee formed the Official Committee of Unsecured Creditors (the "Committee").  [ECF Doc. 36].

10.     On July 10, 2018, upon motion of the Committee, this Court issued an Order appointing a chapter 11 trustee for cause pursuant to section 1104(a)(1) and/or in the best interest of creditors under section 1104(a)(2) of the Bankruptcy Code.  [ECF Docs. 156, 166, 179].

11.     In his bankruptcy schedules, the Debtor has claimed the Policies as exempt, listing the value for each as the cash surrender value.  [ECF Doc. 159 (Schedule C)].

12.     On July 3, 2018, this Court entered an Order granting the Ex Parte *Agreed Motion for Extension of Deadlines To Object to Dischargeability of Debt and Exemptions*, extending the deadline for filing objections to Debtor's claimed exemptions through August 31, 2018.  [ECF Doc. 174].

## **OBJECTION**

**A.      Standard of Review and Applicable Law**

13.      "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." FED R. BANKR. P. 4003(b).

14.      "Louisiana has opted out of the federal exemption scheme," and thus "Louisiana debtors may claim only those exemptions available under state law." *In re Bordelon*, 443 B.R. 725, 727 (Bankr. M.D. La. 2011) (internal quotations and citation omitted).

**B.      Law and Argument**

15.      The Debtor may not claim as exempt any interests under the Policies because (i) Louisiana state law does not exempt the interests in an insurance policy from judicial process if that policy has been pledged or assigned to secure a debt, and, further, does not exempt the policy **owner**'s interests; (ii) the Debtor waived the exemption; and/or (ii) any named beneficiaries either have no rights to the cash surrender values of the Policies or UMB's interests prime any interest those beneficiaries may have.

> *1.      Louisiana's exemption of insurance policies and cash proceeds of insurance policies does not apply here.*

16.      The state law exemption for life insurance proceeds is governed by section 22:912 of the Louisiana Revised Statutes, provides in relevant part that "[t]he lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy or endowment policy, shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured" and that "[f]or purposes of this Subsection, the proceeds and avails of the policy

include the cash surrender value of the policy." LA. REV. STAT. ANN. § 22:912(A)(1).

17.    Section 22:912 expressly provides that the exemption **shall not** apply to "a debt secured by a pledge of a policy, any rights under the policy that may have been assigned, and any advance payments made on or against the policy." *Id*. § 22:912(F). Because Worley pledged the Policies to UMB to secure payment of his debt owed to UMB, the Louisiana statutory exemption does not apply to any interests in the Policies, including the cash surrender value of the Policies.

18.    Further, section 22:912 only exempts the interests of "[t]he lawful beneficiary, assignee, or payee, including the insured's estate of a life insurance policy," **not** the interests of the insured/owner of the policy, in this case, the Debtor. *Id*. § 22:912(A)(1). Bankruptcy courts interpreting similar state law provisions have declined to allow owners of insurance policies to claim cash surrender value of those policies as exempt. In *In re Monahan*, 171 B.R. 710 (Bankr. D.N.H. 1994), the debtor-insured attempted to claim as exempt the cash surrender value of a life insurance naming a non-debtor third party as beneficiary. But the court interpreted the New Hampshire exemption, written much like Louisiana's exemption, to apply only to the interests of the lawful beneficiary of the policy: "The plain language of the statute clearly delineates between the rights of a third person beneficiary and the rights of the insured. The statute does *not* exempt the policy itself to the owner thereof . . . ." *Id.* at 717. As a result, the court found: "[T]here is no basis to support an insured debtor's claimed exemption in the cash surrender value of the life insurance policy found in the New Hampshire statute. Thus, the policy is property of

the estate . . . ." *Id.* at 718.

19.     Because the Debtor's interest as owner of the Policies is not listed among the interests protected by Louisiana's exemption statute, LA. REV. STAT. ANN. § 22:912, the Debtor may not claim cash surrender value of the Policies as exempt; indeed, the Policies are considered to be property of the estate. [2]

> 2.     *To the extent the Louisiana exemption applies, the Debtor waived the exemption over the Policies*

20.     Louisiana law recognizes an implied waiver of statutorily exempt property in cases where the relevant statute does not require that waiver be express.  For example, in *Aetna Finance Co. v. Antoine*, 77-7906 (La. App. 5 Cir. 3/15/77), 343 So.2d 1195, the Fourth Circuit held that implied waiver through the conduct of granting a security interest in a third party was sufficient to waive an exemption over property under La. R.S. § 13:3881: "Defendant, in consenting to the mortgage, by necessary implication, waived his exemption, otherwise he would not have been granting a mortgage at all, but only a mere sham.  The implied waiver, as appears from the authorities cited, is a valid waiver." *Id.* at 1198.  As the Louisiana statute governing

---

[2]     Bankruptcy courts have described the consequences of assigning the debtor's interest in a life insurance policy for claims or exemption of that property under 11 U.S.C § 522: "When a debtor assigns a life insurance policy as collateral for a loan, the creditor has a lien on the policy's benefits and the debtor has a reversionary interest in the policy's surrender value or other benefits that remain after the debt it secures has been paid." *Kimball v. U.S. Small Bus. Admin. (In re Kimball)*, Adv. No. 16-5105, 2017 WL 2110777, at *1 (Bankr. D. Kan. May 12, 2017).  The trustee here is entitled only to the total of the cash surrender values of the Policies existing on the date of the bankruptcy filing. *See In re Rief*, No. 06-36514, 2007 WL 2071808 (Bankr. D. Md. July 16, 2007) (citing *Everett v. Judson*, 228 U.S. 474, 479 (1913)); *see also Equitable Life Assurance Co. v. Union Planters Bank of Ne. Miss., N.A. (In re Jordan)*, 276 B.R. 434, 440 (Bankr. N.D. Miss. 2000).  Here, the amount of the debt owed by Worley to UMB vastly exceeds the cash surrender values existing on the date of the bankruptcy filing; therefore, none of the cash surrender value amounts will find their way to the estate coffers.

exemptions for life insurance policies does not require that waiver of the exemption be express, it follows that an implied waiver through the conduct of executing the assignment is sufficient to deprive the Debtor of the exemption, to the extent it is applicable at all.

> 3.    *Named beneficiaries of the Policies have no rights to the cash surrender values; alternatively, UMB's status as assignee of the Policies primes any beneficiary rights, making the Louisiana exemption likewise unavailable.*

21.    As discussed above, as a result of pledging the Policies prepetition to UMB to secure his debt owed to UMB, the Debtor does not qualify for the Louisiana exemption of the cash surrender value of the Policies, and therefore, may not claim the exemption under 11 U.S.C. § 522(b)(3).

22.    To the extent that the Debtor is attempting to claim the exemption on behalf of any named beneficiary of the Policies, that argument fails for two reasons.  First, because the rights of exemption must be determined as of the filing date, there is no named beneficiary of the Policies that holds irrevocable beneficiary status, as the Debtor is still living.  In interpreting state law exemptions similar to that of Louisiana which allow the interests of "lawful beneficiar[ies]" of insurance policies to be exempt from the reach of creditors, bankruptcy courts have found that named beneficiaries who can be substituted at the will of the insured-debtor have no right to claim the exemption when the debtor is alive as of the filing date.  *See, e.g.*, *In re Monahan*, 171 B.R. 710 (Bankr. D.N.H. 1994).  Because the Debtor here is still living and retains the right to change the named beneficiary of the Policies, any named beneficiary has no rights of exemption in the cash surrender value of the policy as of the bankruptcy filing date.

23.    Second, any rights of any named beneficiary are primed by UMB's interests.  *See,*

*e.g., Equitable Life Assurance Co. v. Union Planters Bank of Ne. Miss., N.A. (In re Jordan)*, 276 B.R. 434, 440 (Bankr. N.D. Miss. 2000) (finding that beneficiary has no right to claim proceeds from a life insurance policy as exempt under Mississippi statute excepting the cash surrender value and proceeds of life insurance policies assigned to a creditor); *see also* Adjustable Insurance Policy, § 2.3 ("The Owner may assign this policy as collateral security [and] [t]he Interest of any beneficiary will be subject to any collateral assignment made either before or after the beneficiary is named."); Variable Insurance Policy, § 2.3 (same).

## RESERVATION OF RIGHTS

24.     UMB reserves all rights to supplement or amend this Objection and to assert further Objections timely.

WHEREFORE, for the foregoing reasons, United Mississippi Bank respectfully requests this Court to disallow the Debtor's claimed exemptions of the Adjustable Insurance Policy and the Variable Insurance Policy because (i) Louisiana state law does not exempt the interests in an insurance policy from judicial process if that policy has been pledged or assigned to secure a debt, and, further, does not exempt the policy **owner**'s interests; (ii) to the extent the exemption is applicable, the Debtor waived the exemption; and/or (ii) any named beneficiaries either have no rights to the cash surrender values of the Policies or UMB's interests prime any interest those beneficiaries may have.

Respectfully Submitted,

*/s/ Stewart F. Peck*
STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
MEREDITH S. GRABILL (#35484)
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email:  speck@lawla.com,  ccaplinger@lawla.com;
mgrabill@lawla.com

**AND**

*/s/ Eileen N. Shaffer*
EILEEN N. SHAFFER
*Admitted pro hac vice*
Attorney at Law
401 E. Capitol St. Suite 316
Jackson, MS 39215-1177
Telephone: (601) 969-3006
Facsimile: (601) 949-4002
Email: eshaffer@eshaffer-law.com

*Attorneys for United Mississippi Bank*